TAYLOR v. FISK et al.

(Circuit Court, N. D. Illinois, S. D.    May 12, 1899.)

1. SUIT TO QUIET TITLE—EQUITY JURISDICTION—INSTRUMENT VOID ON ITS FACE.
    Under the general chancery practice, and in the absence of a statute enlarging the remedy, a court of equity cannot entertain a bill to quiet title where the instrument sought to be relieved against is void on its face.
2. SAME—PARTIES—SUIT TO CONSTRUE DEED.
    A suit to determine the validity of a limitation over in a deed after the death of one grantee cannot be maintained by such grantee during his lifetime, for want of necessary parties to render such determination effective, where the persons who will be the beneficiaries under the limitation cannot be ascertained until it takes effect.

On Demurrers to Bill.

Fred Spotter and R. M. Barnes, for complainant.
Page, Wead & Ross and Charles H. Fisk, for defendants.

KOHLSAAT, District Judge.    This is a bill in the nature of a bill to quiet title, but the basis of the relief sought is in reality the construction of the deed set forth in the bill of complaint.    The bill of complaint is founded upon a deed from one Fisk and wife to one Sarah M. Johnson, which deed is in the nature of a trust instrument and attempts to accomplish the ends usually obtained by will.    A life estate is by the deed granted to said Sarah M. Johnson, with certain powers of alienation.    At her death the real estate remaining was to "go to and belong to" the children of Joseph H. Johnson (husband of Sarah M.) living at the decease of Sarah M. Johnson, or to the children living at such time of deceased children of Joseph H. Johnson.    If at the death of Sarah M. Johnson there should be living no children or grandchildren of Joseph H. Johnson, the real estate unconveyed at her death should "descend, go, and belong to" the wife of Fisk, if living, and, if not living, then to her then living children or grandchildren per stirpes.    If at the death of Sarah M. Johnson there should be living any children of Joseph H. Johnson "upon whom the estate hereinbefore mentioned shall have been cast," and such children should die leaving no descendants, in that event the said real estate should "descend, go, and belong" to the wife of Fisk, if living, and, if not living, then to her then living children or grandchildren per stirpes.    After stating the foregoing deed, the bill alleges that both Joseph H. and Sarah M. Johnson are dead; that complainant is the only descendant of said Joseph H. Johnson, and is in peaceable possession of all the said real estate remaining at the death of said Sarah M. Johnson unconveyed; that said wife of Fisk and certain named children and grandchildren are claiming a vested remainder in said real estate; that complainant is unable to sell the same upon the market because of the claims of said Mrs. Fisk, her children, and grandchildren; that all limitations, remainders, and reversions after the death of complainant provided for in said deed are void, as being in violation of the rule against perpetuities; that all such provisions contained in said deed are clouds upon the

title of complainant to said real estate; and that complainant, by virtue of said deed, is the owner in fee simple absolute of said real estate. The prayer of the bill asks that all provisions of said deed relating to the title after the same shall have been cast upon the children or grandchildren of Joseph H. Johnson be declared null and void, that the cloud upon complainant's title "caused by the provisions and terms of said deed" be removed, and that the defendants (including the wife of Fisk, her children, and grandchildren) be forever barred from claiming any title or interest in said real estate, under or by virtue of the said deed, or otherwise. To this bill a general and special demurrer is filed, and this decision comes upon argument of said demurrer.

Complainant's counsel argue that complainant took a fee-simple title to the real estate in question, by virtue of the granting words in the deed, which could not be limited by subsequent provisions in the same instrument, and that, even if she did not take this absolute fee-simple title, yet the title she took was a fee limited only by a condition subsequent, which is void as being in violation of the rule against perpetuities, and therefore the fee becomes absolute under the rule of law that, "if future interests in any instrument are avoided by the rule against perpetuities, the prior interests become what they would have been had the limitation of future estates been omitted from the instrument." Gray, Perp. 247. While the authorities seem to justify this contention of complainant, yet she has shown no ground upon which jurisdiction can be taken to enter the decree asked for. Under the general chancery practice a bill would not lie to quiet title where the instrument sought to be relieved against was void on its face. The decisions cited by complainant's counsel are based on state statutes extending this equitable right, and the question remains: Does the Illinois statute grant this right? If it does, this court will take jurisdiction; otherwise not. No authority has been cited to the effect that the general chancery rule has been extended in this state beyond the additional right to bring a bill to quiet title where the lands in controversy "are improved or occupied, or unimproved or unoccupied." As stated at the outset, the essence of the relief asked is that the court will by decree construe the deed in question as to the legal effect of its provisions. If the provisions thereof sought to be avoided are void, they are so as a legal proposition, and therefore the instrument is void upon its face. Under general chancery practice, a court of equity will not take jurisdiction for the purpose of construing a deed or other instrument, except, upon proper cause shown, at the instance of executors or trustees. Cross v. De Valle, 1 Wall. 7.

If the court were disposed to entertain such a bill as that herein, the proper parties would have to be ascertained as of the time of the death of complainant. They could not now be determined. The court therefore holds that it has not jurisdiction to grant the relief asked, and the bill is dismissed for want of jurisdiction.